# EXHIBIT

# 1

{01646586-1 }

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
|---|---|
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | SUMMONS | CASE NO. |
|---|---|---|
| 9th JUDICIAL DISTRICT | | 2023 0457 . NM |
| JUDICIAL CIRCUIT | | Honorable Curtis J. Bell |
| COUNTY | | |

**Court address**
150 East Crosstown Parkway, Kalamazoo, MI 49001

**Court telephone no.**
269.383.8837

**Plaintiff's name, address, and telephone no.**
Courtney Thomas (269)689-6073
430 Woodward Ave
Kalamazoo, MI 49007

**Plaintiff's attorney, bar no., address, and telephone no.**
Thomascourtney 811@gmail.com

v

**Defendant's name, address, and telephone no.**
David Boysen
Kalamazoo Dept Public Safety Training DA
150 E. Crosstown Pkwy #A
Kalamazoo, MI 49001

FILED

AUG 2 2 2023

9TH JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 8/22/2023 | Expiration date* NOV 21 2023 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

State of Michigan Kalamazoo 9th Judicial Circuit
227 W. Michigan Ave, Kalamazoo, Mi 49007


Plaintiff -   Courtney Thomas
          430 Woodward Ave
          Kalamazoo, Mi 49007


V.


Defendants- Chief of Kalamazoo Dept. of Public Safety;
          David Boysen
          Kalamazoo Dept. of Public Safety Training Division
          Officer 1 - John Bastian
          Officer 2 - Bradley Spieldenner
Address :   150 E. Crosstown Pkwy # A,
          Kalamazoo, MI 49001


## Complaint

Complaint for action alleging violation of Deprivation of Rights under the "Color of Law" Title 18, U.S.C., Section 242. The action originally filed in Kalamazoo, County Michigan Circuit Court.


## Introduction

This is a civil action asserting claim under the Constitution , state and federal law alleging violations of Color of law title 18 U.S.C. Section 242 include Michigan Code Act 328 of 1931, among many other laws and

status , requesting award from damages pursuant to the Constitution and 42 U.S.C.A .Section 1983.

## Jurisdiction

This court has jurisdiction over all causes of action set forth in this complaint pursuant to 28 U.S.C. Section 139 , as all plaintiffs and Defendants reside and operate in the district of Michigan. Furthermore, all significant and relevant incidents giving rise to this suit took place in Kalamazoo, Mi, County of Kalamazoo, within the jurisdiction of this court.

1. Cause of action against Kalamazoo Public Safety (KPS ) Officers 1 and 2 , Chief of Kalamazoo Dept. of Public Safety David Boysen and Kalamazoo Dept. of Public safety Training Division under Act under the Color of Law section 1983 liability has a person or agency of the state who directly or indirectly unlawfully deprived a person of rights created by the U.S. Constitution or federal statutes; Michigan Penal Code Act 328 of 1931 Section 483(a)(c)(ii) Threaten to kill or injure any person or threaten to cause property damage [or] (1)(b) If the violation involves committing or attempting to commit a crime or a threat to kill or injure any person or cause property damages, the person is guilty of felony punishable imprisonment for no more than 10 years of fine of 20,000 or both;

2. Cause of Action under the Color of Law Section 1983 against KPS Officers 1 and 2 ( John Bastian and Spieldenner ) liable as a person agency of federal, state, local officials within their lawful authority while on duty deprived me, Courtney Thomas of laws protected by the U.S. Constitution which include Michigan Penal Code Act 328 of 1931.Fitzpatrick v.Bitzer, 427 U.S.at U.S. 452.

3. Cause of action against KPS Officers 1 and 2 ( John Bastian and Bradley Spieldenner )under the Color of Law Title 18, U.S.C. Section 1983 liable as a person, or agency of local officers authority while on duty did knowingly or unknowingly deprived Courtney Thomas of 18 U.S.C. Section 241 unlawful for two or more persons to agree to injure, threaten, or intimidate a person in the United States and Act

175 of 1927 764.15 when Christipher George and Ericka George threaten to kill Courtney Thomas in the presence of KPS officers.[ Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) ]

4. Cause of Action against KPS Officers 1 and 2 ( John Bastian and Bradley Spieldenner) under the "Color the Law" Title 18, U.S.C., section 1983 liable as a supervisor of local officers while on duty who did deprived Courtney Thomas and Calvin Green of their rights of Michigan Penal Code Act 328 of 1931 Section 483(a)(c)(ii) when officers on duty allowed Christopher George to threaten the lives of Courtney Thomas and Calvin Green. Monell v. New York City Dept. of Social Services, 436 U.S. 700-701.

5. Cause of action , under the color of law, against Chief of Kalamazoo Dept. of public Safety David Boysen and Kalamazoo Dept. of Public Safety Training Division from who willfully deprived Courtney Thomas , Calvin Green and Treykwon Green inhabitants of the state of Michigan rights protected by the Constitution or laws of the United States when Kalamazoo Police Officers ( defendants) allowed Christepher George to threaten Plaintiffs, because inadequate training. U.S. v. Senak,C.A (Ind) 1973, 477 F. 2d 304.

6. Cause of action against KPS Officers 1 and 2 ( John Bastian and Bradley Spieldenner ) negligent under the color the law, who willfully deprived Courtney Thomas and Calvin Green 0f 18 U.S.C.section 241 and Michigan Penal Act 328 of 1931, when Calvin Green told the KPS officers Christopher George just got out of jail for beating up his girlfriend. Informing the KPS Officers he has carried out threats many times before.

   KPS Officers' failure to act on this information left Courtney Thomas and his kids assaulted , hurt and scared for their lives. They stop riding the city bus, because that's where they might see George , rearranging so many spectrums of their lives. Scared to call the KPS Police because they allow George to commit a felony of assault .

Burden of Proof

There is sufficient evidence to support this claim. In order to convict defendants of willfully depriving persons of their rights to be free from injury, under color of state law, government must prove: (1) that on about the date alleged, defendant acted under the color of law,(2) that the conduct of defendants deprived the victims of a secured or protected by the United States Constitution, (3) that the defendants acted willfully;and (4) that the defendants acts resulted in bodily injury to the victim, U.S. v. Giordano, D.Conn.2002, 260 F. Supp.2d 477. Civil Rights 1808

This section and section 241 of this title, providing punishment by fine or imprisonment for reasons conspiring to injure, oppress, threaten or intimidate any citizen in the free exercise and enjoyment of any rights or privilege secured by the Constitution of federal laws, and ike punishment of person who under color of law willfully subjects any citizens to the deprivation of such rights, privileges or immunities, or to different punishments on account of being an alien or by reason of color or race, have no application to the plaintiff's proposed civil action for damages. Mattheis v. Hoyt, W.D. Mich. 1955, 136 F. Supp. 119.
Former section 51, 52 of this title [ now this section and section 241 of this title] making it a crime for one person to deprive another of civil rights had to be construed in pari materia with provision of Civil Rights Act, former section 43 of Title 8 [ now section 1983 of Title 42. The Public Health and Welfare ], authorizing civil action for damages from deprivation of rights. Gordon v. Garrison, E.D. Ill. 1948, 77 F. Supp. 477. Civil Rights 1804.

Plaintiff request formal conferences .

Plaintiff request deposition .

Plaintiff request settlement conferences.

Plaintiff request trial by jury.


Respectfully submitted by Plaintiff Courtney Thomas.
August 21,2023