UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY THOMAS,

        Plaintiff,                                   Hon. Jane M. Beckering

v.                                               Case No. 1:23-cv-996

DAVID BOYSEN, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Courtney Thomas filed his complaint in this action in the Kalamazoo County Circuit Court on or about August 22, 2023, against Defendants David Boysen, the Chief of Kalamazoo Department of Public Safety (KDPS); KDPS Training Division; KDPS Officer Bradley Spieldenner; and Officer John Bastian. Plaintiff alleged that Defendants violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1983, and Michigan Penal Code Act 328 of 1931. Defendants Boysen and Spieldenner removed the case to this Court on September 19, 2023, alleging federal question jurisdiction under 28 U.S.C. § 1331 as the basis for removal jurisdiction. (ECF No. 1 at PageID.2.)

Presently before me is Defendants Boysen and Spieldenner's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 2.) Plaintiff has failed to respond to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] For

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se

the reasons that follow, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED,** and that the complaint be **DISMISSED**.

## I. Background

Plaintiff's factual allegations are fairly scant. The complaint, which is heavy on legal conclusions, alleges that, on some unknown date(s), Defendants Spieldenner and Bastian were present when Christopher George and/or Ericka George threatened to kill Plaintiff. Plaintiff also alleges that Defendants Bastian and Spieldenner are liable "as a supervisor of local officers while on duty" who allowed Christopher George to threaten Plaintiff's and non-Defendant Calvin Green's lives. Plaintiff further alleges that Defendant Boysen, "because of inadequate training," violated Plaintiff's rights under the U.S. Constitution because KDPS officers allowed Christopher George to threaten Plaintiff, Calvin Green, and Treykwon Green. Finally, Plaintiff alleges that Defendants Bastian and Spieldenner were "negligent under color of law" when Calvin Green told them that Christopher George was just released from jail for beating up his girlfriend and informed them that he had carried out threats many times before. Plaintiff alleges that KDPS officers' failure to act on this information left Plaintiff and his children "assaulted, hurt and scared for their lives." Plaintiff says that he is scared to call the KDPS because its officers allowed George to commit a felony of assault. (ECF No. 1-1 at PageID.8.)

As noted, it is not clear from the complaint whether Plaintiff's allegation concerns a single incident or multiple incidents.

## II. Motion Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to

---

litigants more leniently, they "are still expected to comply with the procedural rules of the court"). This includes responding to motions within the time allowed under the local rules.

2

raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

### III. Discussion

Defendants contend that dismissal is warranted on the basis of qualified immunity. The doctrine of qualified immunity provides that government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). An "objective legal reasonableness" test is used to determine whether the

official could reasonably have believed his conduct was lawful. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The qualified immunity inquiry requires a court to decide whether the facts as alleged or shown make out a constitutional violation and whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If the court can conclude either that no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either prong of the inquiry without regard to sequence. *Id.* at 236.

Although the Sixth Circuit has observed that "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity," *Wesley v. Campbell*, 779 F.3d 421, 433–44 (6th Cir. 2015), it has also said that when "pleadings in th[e] case are not ambiguous," and "it is clear that no violation of a clearly established constitutional right could be found under any set of facts that could be proven consistent with the allegations or pleadings," the Court acts well within its discretion in granting a pre-answer motion to dismiss on the basis of qualified immunity. *Jackson v. Schultz*, 429 F.3d 586, 589–90 (6th Cir. 2005). In any event, in more recent cases, the Sixth Circuit has acknowledged that raising qualified immunity at the motion-to-dismiss stage may be entirely appropriate in a given case because "asking whether there was a violation of a constitutional right resembles the Rule 12(b)(6) question—has the plaintiff pleaded facts that state a claim for relief in the complaint?" *Crawford v. Tilley*, 15 F.4th 752, 764 (6th Cir. 2021).

To begin, Plaintiff may not rely on 18 U.S.C. §§ 241 and 242 to allege claims against Defendants because those statutes are criminal statutes that do not provide a private right of action. It is well established that 18 U.S.C. §§ 241 and 242 do not provide for a private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claim

4

pursuant to Section 242 because there is no private right of action under this criminal statute); *Selmon-Austin v. Wells Fargo Bank*, No. 2:21-CV-02724, 2022 WL 3337274, at *5 (W.D. Tenn. May 4, 2022), *report and recommendation adopted*, 2022 WL 18141470 (W.D. Tenn. Sept. 7, 2022) ("The plain language of Sections 241, 242, and 245 reveals that they each are criminal statutes that do not provide for a private right of action."); *Weathers v. Holland Police Dep't*, No. 1:13-CV-1349, 2015 WL 357058, at *2–3 (W.D. Mich. Jan. 27, 2015) ("This Court has long held that individuals cannot claim monetary damages arising from alleged violations of 18 U.S.C. §§ 241 and 242.") (citing *Horn v. Peck*, 130 F. Supp. 536 (W.D. Mich. 1955)).

Second, as to all individual Defendants, Plaintiff fails to allege valid supervisory liability claims. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899. Supervisory liability attaches only if the plaintiff shows that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending [defendant]." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (internal quotation marks omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, Plaintiff fails to allege any fact indicating that Defendant Boysen authorized, approved, or knowingly acquiesced in the unconstitutional conduct of a subordinate, nor does Plaintiff allege

that Defendant Boysen actively participated in any alleged violation. Finally, it is unclear whether Plaintiff also allege that Defendants Bastian and Spieldenner are liable as supervisors "of local officers" who allegedly allowed George to threaten Plaintiff. To the extent Plaintiff alleges a supervisory claim against them, it fails for the same reasons as the claim against Defendant Boysen.

Next, Plaintiff simply fails to allege facts establishing a constitutional violation. As an initial matter, Plaintiff's vague allegations provide little detail as to what actually occurred. Construing Plaintiff's allegations liberally, however, it appears that Defendants Bastian and Spieldenner were present when Christopher George and/or Ericka George threatened Plaintiff. The nature of the alleged violation is unclear. To the extent Plaintiff asserts that Defendants failed to respond to the alleged threats or failed to protect Plaintiff, such a claim fails because the Supreme Court has made clear that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). Nonetheless, relying on language in *DeShaney*, the Sixth Circuit has recognized that public officials may be held liable for "caus[ing] or greatly increas[ing] the risk of harm to its citizens without due process of law through its own affirmative acts." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998). To establish liability under the "state-created danger" theory, a plaintiff must show:

> 1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; 2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and 3) the state knew or should have known that its actions specifically endangered the plaintiff.

*Cartwright v. City of Marine City*, 336 F.3d 487, 493 (6th Cir. 2003) (citing *Kallstrom*, 136 F.3d at 1066). Plaintiff fails to allege any of the elements required to establish such a claim. Plaintiff's claim is nothing more than Defendants failed to act, which "does not cause a 'state-created danger'

6

to arise." *Brooks v. Knapp*, 221 F. App'x 402, 407 (6th Cir. 2007) (citing *Cartwright*, 336 F.3d at 493, and *Sargi v. Kent City Board of Education*, 70 F.3d 907, 912–13 (6th Cir. 1995)).

Plaintiff also fails to allege a violation of his constitutional rights to the extent his claim is that Defendants failed to arrest and/or prosecute Christopher George and/or Ericka George. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005) (no due process right to have someone else arrested for a crime); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (no constitutional interest in prosecution or non-prosecution of another); *Webb v. Caldwell*, 664 F. App'x 695, 696 (10th Cir. 2016) ("Though one might receive a benefit from having someone prosecuted or arrested, one lacks a constitutional right to such a response from governmental officials."). Accordingly, all Defendants are entitled to qualified immunity.

Finally, it is unclear whether Plaintiff intended to assert a separate claim against the City of Kalamazoo. First, any claim against the KDPS, including its training division, fails to state a claim because the police department is not an entity capable of being sued. *See May-Shaw v. City of Grand Rapids*, No. 1:19-cv-117, 2019 WL 2265076, at *3 (W.D. Mich. May 28, 2019) ("It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.") (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997)). To the extent Plaintiff intended to assert a separate claim against the City of Kalamazoo, his claim fails because a local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Instead, a municipality may be held liable under Section 1983 only when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty.*

*v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09. Plaintiff's claim fails at the first step because he has not alleged or identified a policy or custom of the City that caused the alleged injury. Instead, his allegations focus exclusively upon the acts of the individual Defendants. Additionally, because Plaintiff fails to allege a constitutional violation in the first place, he cannot allege a *Monell* claim. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (stating that "there can be no liability under *Monell* without an underlying constitutional violation") (citing *Scott v. Clay Cnty.*, 205 F.3d 867, 879 (6th Cir. 2000)); *see also Przybysz v. City of Toledo*, 746 F. App'x 480, (6th Cir. 2018) ("As a threshold matter, there can be no municipal liability under *Monell* when there is no constitutional violation").

### IV. Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' Motion to Dismiss (ECF No. 2), and dismiss the complaint **with prejudice**.[2]

---

[2] While I recognize that Plaintiff has cited Michigan criminal law as a basis for his claims and that, as a general matter, a district court should remand a case to state court after all federal claims have been dismissed and diversity jurisdiction is not alleged, *see Arrington v. City of Raleigh*, 369 F. App'x 420, 421 (4th Cir. 2010) ("[T]he district court should have remanded the case to state court upon the dismissal of all federal claims, even in the absence of a motion from the parties that it do so."), I recommend that the Court consider dismissing this action in its entirety rather than remanding any possible claim to state court because the complaint's allegations, as well as its citation to Michigan Penal Code Act 328 of 1931, do not suffice to allege any cognizable claim.

Dated: November 6, 2023     /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).