UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY THOMAS,

    Plaintiff,

v.

DAVID BOYSEN, et al.,

    Defendants.
_____/

Case No. 1:23-cv-996

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This matter is presently before the Court on Plaintiff's objection (ECF No. 15) to the Magistrate Judge's November 6, 2023 Report and Recommendation (ECF No. 10). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Memorandum Opinion and Order. For the reasons that follow, the Court finds that Plaintiff's objection lacks merit. Additionally, no objections were filed to the Magistrate Judge's February 26, 2024 Report and Recommendation, recommending dismissal of Defendant John Bastian (ECF No. 18), and the claims against Defendant Kalamazoo Department of Public Safety Training Division are properly dismissed.

### I.  BACKGROUND

Plaintiff Courtney Thomas, proceeding *pro se*, initiated this action against Defendants David Boysen, John Bastian, Bradley Spieldenner, and Kalamazoo Department of Public Safety. Pertinent to the filings at bar, Plaintiff alleges that Defendants Boysen, Bastian, and Spieldenner, who are all officers of the Kalamazoo Department of Public Safety, violated Plaintiff's

constitutional rights by allowing Christopher George and/or Ericka George to threaten Plaintiff, Calvin Green, and Treykwon Green (Compl., ECF No. 1-1 at PageID.8).

On September 19, 2023, Defendants Boysen and Spieldenner filed their motion to dismiss (ECF No. 2) arguing that they are entitled to qualified immunity (ECF No. 2-1 at PageID.30). Plaintiff did not file a response to the motion. The matter was referred to the Magistrate Judge who, on November 6, 2023, issued her Report and Recommendation, recommending that this Court grant the motion to dismiss (R&R, ECF No. 10 at PageID.56). On December 14, 2023, Plaintiff filed an objection to the Report and Recommendation (ECF No. 15), to which Defendants Boysen and Spieldenner filed a response in opposition (ECF No. 16).

On November 14, 2023, after the Magistrate Judge issued her first Report and Recommendation, Defendant Bastian filed his motion to dismiss (ECF No. 11), arguing that the Magistrate Judge "already found" that he was entitled to qualified immunity (ECF No. 12 at PageID.66). On February 26, 2024, the Magistrate Judge issued her Report and Recommendation, recommending that the Court grant Defendant Bastian's motion to dismiss because Defendant Bastian "is entitled to the same relief as Defendants Boysen and Spieldenner" (ECF No. 18 at PageID.93). Accordingly, the Magistrate Judge also recommended the dismissal of the action (*id.*).

## II. DISCUSSION

**A. Objections to the November 6, 2023 Report and Recommendation (ECF No. 10)**

Plaintiff argues that the Magistrate Judge erred in granting qualified immunity to Defendants because "the officers did know they were acting unlawful[ly]" and acted "in bad faith" (ECF No. 15 at PageID.80). Plaintiff further argues that Defendants are not entitled to qualified immunity because at the time of their conduct, "the law was sufficiently clear that every reasonable

2

official would understand that their actions were unconstitutional" (*id.*).  According to Plaintiff, Defendants "clearly knew [they] broke the law" because Plaintiff "asked the officers on that day if they were going to let George threaten [Plaintiff's] life like that" and the "officer responded, 'I'm just trying to figure out what's going on'" (*id.*).

Defendants Boysen and Spieldenner argue in response that Plaintiff failed to state a valid objection because the objection "does nothing to show how" the Magistrate Judge "committed an error of fact or law" (ECF No. 16 at PageID.88).  Defendants Boysen and Spieldenner further argue that the Magistrate Judge correctly ruled that a Plaintiff, as an individual citizen, cannot assert a civil cause of action under a criminal statute, a determination that Plaintiff failed to challenge (*id.*, referring to R&R, ECF No. 10 at PageID.53–54, 56).

Plaintiff's objection is properly denied.

To begin, the Magistrate Judge correctly determined that Plaintiff may not rely on 18 U.S.C. §§ 241 and 242 to allege claims against Defendants because those statutes are criminal statutes that do not provide a private right of action (R&R, ECF No. 10 at PageID.52–53, citing *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)).  As Defendants Boysen and Spieldenner point out, Plaintiff did not object to this finding by the Magistrate Judge (ECF No. 16 at PageID.88).

Next, at the pleading stage, the ultimate test for the availability of a qualified-immunity defense is whether, reading the complaint in the light most favorable to the plaintiff, it is plausible that the defendant's acts or omissions violated the plaintiff's clearly established constitutional rights.  *Osberry v. Slusher*, 750 F. App'x 385, 392 (6th Cir. 2018) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (1982)).  As set forth by the Magistrate Judge, the analysis requires a court to (1) "decide whether the facts as alleged or shown make out a constitutional violation" and (2)

decide "whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct" (R&R, ECF No. 10 at PageID.52, citing *Pearson*, 555 U.S. at 232). A court can address the prongs in either order but must answer both questions in the affirmative for a plaintiff's claim to survive. *Osberry, supra.* "The plaintiff bears the burden of demonstrating a constitutional violation and a clearly established right at the time of the incident." *Wiley v. City of Columbus, Ohio*, 36 F.4th 661, 669 (6th Cir. 2022).

In examining whether the facts Plaintiff alleged make out a constitutional violation, the Magistrate Judge noted that even construing the allegations liberally, the "nature of the alleged violation is unclear" (R&R, ECF No. 10 at PageID.54). The Magistrate Judge correctly observed that to the extent Plaintiff asserts that Defendants failed to respond to threats or failed to protect Plaintiff, the claim fails because a state's failure to protect an individual against private violence does not constitute a violation of the Due Process Clause of the U.S. Constitution (*id.*, citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). The Magistrate Judge further observed that Plaintiff fails to allege any of the elements required to establish Defendants' liability under a "state-created danger" theory and failed to allege a violation of constitutional rights to the extent Plaintiff's claim is one that Defendants failed to arrest or prosecute Christopher George and/or Ericka George (R&R, ECF No. 10 at PageID.54–55).

The Magistrate Judge also correctly determined that Plaintiff fails to allege valid supervisory liability claims against Defendants because Plaintiff fails to allege any fact indicating that Defendant Boysen authorized, approved, or knowingly acquiesced in the unconstitutional conduct of a subordinate or actively participated in an alleged violation (*id.* at PageID.53–54). The Magistrate Judge further observed that it was unclear whether Plaintiff also intended to allege that Defendants Bastian and Spieldenner are liable as supervisors, but any supervisory liability claim

4

against them fails for the same reason that a supervisory liability claim against Defendant Boysen fails (*id.* at PageID.54).

The Magistrate Judge properly stated that the nature of the constitutional violation at issue in Plaintiff's Complaint is unclear and considered Plaintiff's Complaint for any possible constitutional violation that it might have alleged. The Complaint provides no indication that Defendants Boysen and Spieldenner violated any of Plaintiff's constitutional rights. Plaintiff's objection does not demonstrate any error in the Magistrate Judge's examination of the Complaint and application of the qualified-immunity analysis. Because Plaintiff's mere disagreement with her analysis does not serve to demonstrate any error, Plaintiff's objection is properly denied.

**B. No Objections to the February 26, 2024 Report and Recommendation (ECF No. 18)**

As to the Magistrate Judge's Report and Recommendation (ECF No. 18), recommending that Defendant Bastian's motion to dismiss be granted, no objections were filed to the Report and Recommendation, and the Magistrate Judge based her recommendation on Defendant Bastian's motion on the same rationale set forth in the Report and Recommendation regarding Defendant Boysen and Spieldenner's motion (ECF No. 18 at PageID.92). Accordingly, the Court approves and adopts the Magistrate Judge's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).

**C. Defendant Kalamazoo Department of Public Safety Training Division**

Finally, after dismissing Defendants Boysen, Spieldenner, and Bastian from this case, the sole remaining Defendant is the Kalamazoo Department of Public Safety Training Division (KDPS). Although this Defendant did not bring a motion to dismiss, the Magistrate Judge addressed the claims against KDPS in her Report and Recommendation (ECF No. 10). The Magistrate Judge correctly determined that any claim against Defendant KDPS fails to state a claim because a police department is not an entity capable of being sued (*id.* at PageID.55, citing

*May-Shaw v. City of Grand Rapids*, No. 1:19-cv-117, 2019 WL 2265076, at *3 (W.D. Mich. May 28, 2019) ("It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.") (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007))).  Accordingly, the claims against Defendant KDPS are properly dismissed.

### III.  CONCLUSION

In sum, Plaintiff's objection to the Magistrate Judge's Report and Recommendation recommending dismissal of Defendants Boysen and Spieldenner (ECF No. 10) lacks merit; no objections were filed to the Magistrate Judge's Report and Recommendation recommending dismissal of Defendant Bastian (ECF No. 18); and the claims against Defendant KDPS are properly dismissed.  Because this Memorandum Opinion and Order resolves all pending claims, the Court will also enter a Judgment to close this case.  *See* FED. R. CIV. P. 58.  Accordingly:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 15) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 10) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Boysen and Spieldenner's motion to dismiss (ECF No. 2) is GRANTED for the reasons stated in the Report and Recommendation (ECF No. 10).

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 18) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Bastian's motion to dismiss (ECF No. 11) is GRANTED for the reasons stated in the Report and Recommendation (ECF No. 18).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED for the reasons stated in the Report and Recommendation and this Memorandum Opinion and Order.


Dated: April 17, 2024                             /s/ Jane M. Beckering
                                                                                 JANE M. BECKERING
                                                                                 United States District Judge